**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
George Lin (SBN 287873)
156 South Spruce Ave, Unit 206A
South San Francisco, CA 94080
Tel:     (415)580-2574
Fax:     (415)735-3454
Email: silg@ilglegal.com
Email: glin@ilglegal.com

Attorneys for Plaintiff Meher Patel

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Meher Patel, on behalf of herself, all others similarly situated, and the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> LogistiCare Solutions, LLC, a Delaware Limited Liability Corporation; Ride Plus, LLC, a Delaware Limited Liability Corporation, doing business as Provado Mobile Health; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 1:19-CV-01478-LJO-SAB <br><br> **THIRD AMENDED COMPLAINT** <br><br> **CLASS ACTION** <br><br> 1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders); <br> 2. **FAILURE TO PAY OVERTIME WAGES** (Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders); <br> 3. **FAILURE TO PAY MINIMUM WAGE** (Lab. Code §§ 223, 1194 *et seq.*); <br> 4. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders); <br> 5. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Lab. Code § 2802); <br> 6. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*) <br> 7. **WILLFUL MISCLASSIFICATION OF EMPLOYEES** (Lab. Code § 226.8); <br> 8. **DECLARATORY RELIEF THAT PLAINTIFFS ARE EMPLOYEES AND NOT INDEPENDENT CONTRACTORS** (Lab. Code § 226.8); |

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

-1-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

9. **UNLAWFUL DEDUCTIONS FROM WAGES AND FAILURE TO INDEMNIFY** (Lab. Code §§ 221, 226.8, 2802);
10. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code §§ 201 *et seq.*);
11. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);
12. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);
13. **MISREPRESENTATION ABOUT EMPLOYMENT OPPORTUNITY** (Lab. Code §§ 970, 972);
14. **FAILURE TO PROVIDE SICK LEAVE** (Lab. Code § 246, 247.5);
15. **FRAUD AND DECEIT** (Civ. Code §§ 1571-1574, 1709-1710);
16. **BREACH OF CONTRACT** (Civil Code)**;**
17. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and**
18. **PRIVATE ATTORNEY GENERAL ACT** (Lab. Code §§ 2698 *et seq.*);

**JURY TRIAL DEMANDED**

This Amended Complaint is brought by Plaintiff Meher Patel ("Plaintiff" and/or "Mr. Patel"), on behalf of herself, all others similarly situated, and the general public, against her former employers, Defendant LogistiCare Solutions, LLC, a Delaware Limited Liability Corporation ("LogistiCare"); Defendant Ride Plus, LLC, doing business as Provado Mobile Health ("Ride Plus" and/or "Provado"); and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

## <u>PLAINTIFF</u>

1.      At all times material herein, Plaintiff Patel was and is a competent adult and resident of the State of California, Tuolumne County. Plaintiff worked for Defendants as a driver with the job title of Transportation Provider. While working for Defendants, Plaintiff's job duties

included, but were not limited to: driving health plan members to and from their medical appointments.

**DEFENDANTS**

2.      At all times material herein, Defendant Provado was and is a Delaware Limited Liability Corporation, with its corporate headquarters located in Atlanta, Georgia. It is registered to do business in the State of California, including, but not limited to, conducting business within Orange County. Defendant Provado is in the medical transportation business. On information and belief, Defendant Provado provides non-emergency medical transportation to select health plan members. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Provado is authorized to, and does, conduct business in the State of California in the medical transportation business, including, but not necessarily limited to, Tuolumne County.

3.      At all times material herein, Defendant LogistiCare was and is a Delaware Limited Liability Corporation with its corporate headquarters located in Atlanta, Georgia. It is registered to do business in the State of California, including, but not limited to, conducting business within Orange County and Tuolumne County. Defendant LogistiCare is in the non-emergency ambulatory transportation brokerage business. On information and belief, Defendant LogistiCare provides non-emergency medical transportation to select health plan members. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant LogistiCare is authorized to, and does, conduct business in the State of California in the medical transportation business, including, but not necessarily limited to, Tuolumne County.

**JURISDICTION AND VENUE**

4.      This Court is the proper Court, and this action is properly filed in the Superior Court for the State of California, for the County of Tuolumne, because Plaintiff and Class Members performed work for Defendants, and experienced the legal violations that are the subject of this Complaint, in Tuolumne County.

*ILG Legal Office, P.C.*
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

5.      This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia.*, California Business and Professions Code sections 17200-17208, and the statutes cited herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.      The California Workers' Compensation Act does not preempt this action because Defendant's unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

7.      Pursuant to California Labor Code section 2699.5, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code sections 2699 *et seq.* Plaintiff has complied with the procedures for bringing suit specified in California Labor Code section 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 65 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiff has satisfied all prerequisites to pursing PAGA claims.

8.      Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

**FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION**

9.      Plaintiff began her employment with Defendants in February of 2018. At all times during her employment with Defendants, Plaintiff was performing her job duties satisfactorily and received positive performance reviews.

-4-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

10.     Upon hiring Plaintiff, Defendants misclassified her and treated Plaintiff as an independent contractor, in order to avoid the taxes, insurance and other costs that accompany employee status.

11.     Plaintiff sometimes worked at least 40 hours per week. She was never paid for overtime when she would work in excess of 40 hours per week.

12.     Plaintiff performed duties and responsibilities as a non-exempt employee. For example, Plaintiff was required to have a cell phone and be available at all hours of the day. Furthermore, Defendants controlled Plaintiff's schedule, where she picked up and dropped off patients, paperwork, contact and communication with dispatch, and the collection of charges from customers. Defendants also required Plaintiff to submit to drug/background checks and maintain constant communication with Defendants throughout the workday. Also, as a Transportation Provider responsible for driving patients to and from appointments, Plaintiff performed the core duties of Defendants' business.

13.     Defendants also provided Plaintiff, and its other drivers, with commercial liability insurance. However, when Plaintiff was involved in an automobile accident in April of 2018, while working for Defendants, Defendants denied her access to the commercial insurance policy.

14.     As a result of Defendants' actions, Plaintiff is unable to file an insurance claim and is left without an automobile (due to the repairs needed).

15.     Finally, Plaintiff was effectively terminated on April 11, 2018. Plaintiff was still working there at the time of the accident. Text messages show that she was driving for Defendants on April 11, 2018—the day of the accident. Dispatch specifically sent a text assigning a job. After the accident, dispatch asked if the vehicle was undriveable and if the next day's trips will have to be reassigned. Defendants also contacted her on April 27, asking if she still drove for them. Plaintiff even completed a drug test at end of April 2018.

**FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION**

16.     All policies and practices described herein were in place at all of Defendants' business locations in California. As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes

-5-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

1  that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a

2  significant competitive edge over other companies within its industry. In many, if not all cases,

3  these common practices have led to willful violations of California and federal law, entitling

4  Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

5      17.    Plaintiff and Class Members were not paid for overtime hours despite routinely

6  and consistently working more than 8 hours per day and 40 hours per week.

7      18.    Instead, Plaintiff and Class Members were paid the same rate, regardless of the

8  number of hours actually worked. Defendants' policy and practice of not maintaining time records

9  for its employees violates California law on its face. Defendants' failure to record hours also

10 resulted in substantial off-the-work, including overtime hours, since employees were required to

11 work shifts in excess of 8 hours per day and sometimes in excess of 12 hours per day. Defendants'

12 failure to pay for all hours worked, including overtime hours, resulted in part from Defendants'

13 failure to record all hours worked. Defendants' failure to pay for all hours worked, including

14 overtime hours, resulted in payroll records such as wage statements that were not accurate or

15 legally compliant, in violation of California Labor Code sections 226 and/or 1174(d).

16     19.    Defendants misclassified Plaintiff and Class Members. Defendants controlled

17 Plaintiff and Class Members as to the work done and the manner and means in which work was

18 to be performed, suggesting an employer-employee relationship. Many other factors suggest an

19 employer-employee relationship, including but not limited to the following: Plaintiff and Class

20 Members were not engaged in a line of business distinct from Defendants. Plaintiff and Class

21 Members provided the very services that define Defendants' business. Defendants supplied the

22 instrumentalities, tools and place for these workers. The services provided by these workers do

23 not require a specialized skillset. The workers had no opportunity to grow their own independent

24 businesses by outsourcing or subcontracting work. Finally, services are provided on a long-term

25 basis for no set time period. Defendants' failure to pay for all hours worked, including overtime

26 hours, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to

27 pay for all hours worked, including overtime hours, resulted in payroll records such as wage

28

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

statements that were not accurate or legally compliant, in violation of California Labor Code sections 226 and/or 1174(d).

20.   Moreover, Defendants' policies required Plaintiff and Class Members to incur business expenses related to the operations of Defendants but did not reimburse employees for all business expenses.

21.   Even after Plaintiff or Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code sections 201-204, inclusive. More than 30 days has passed since certain individuals left Defendants' employ, entitling those individuals to the maximum penalties.

22.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including monetary losses and other damages in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties and damages for the claims described herein in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

23.   Plaintiff brings this action on behalf of herself and as a class action on behalf of the following Class and Terminated Subclass:

All independent contractors who worked for LogistiCare Solutions, LLC, and Ride Plus, LLC, doing business as Provado Mobile Health, in the State of California as a Transportation Provider or driver or other similar job titles at any time on or after the date that is four years prior to when the Complaint was filed.

Terminated Subclass: All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

24.     Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

25.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a.     <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b.     <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)     Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code sections 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)     Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code sections 17200 *et seq.* by failing to pay overtime wages due to Plaintiff and Class Members;

3)     Whether Defendants violated California Labor Code sections 400-410 and/or section 2802 by requiring Plaintiff and Class Members to pay all or a portion of the normal business expenses of Defendants;

4)     Whether Defendants violated and/or continues to violate, California Labor Code section 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

5)     Whether Defendants violated, and continues to violate California Labor Code sections 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

6)     Whether Defendants violated and/or continues to violate California Labor Code section 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

7)     Whether Defendants violated and/or continues to violate California Labor Code section 1194 by failing to pay minimum wage;

-8-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574  Fax: (415) 735-3454

c.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.   <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

<u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO COMPENSATE FOR ALL HOURS WORKED
(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

26.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

27.   Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510, 558 1197, 1198.

28.   Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

29.   Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

-9-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

30.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

31.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

32.     Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

33.     Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

34.     As alleged throughout this Complaint, Defendants failed to track their hours worked and refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

35.     At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

36.     Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:  (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such

-10-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

37.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
(Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

38.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

40.    Labor Code section 510 defines a day's work as 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay. Pursuant to Labor Code section 1194(a), a plaintiff may bring a civil action for overtime wages to recover wages, interest, penalties, attorney's fees and costs.

41.    Plaintiff and Class Members are not exempt from receiving overtime compensation. At all times relevant hereto, Defendants treated Plaintiff and other similarly situated persons as exempt from the right to be paid overtime hours.

42.    Defendants required Plaintiff and Class Members to work in excess of 8 hours per day, and/or in excess of 40 hours per week. Defendants misclassified Plaintiff and Class Members as exempt from California's overtime laws. Defendants did so despite the fact that Plaintiff and Class Members did not meet the exemption criteria because, among other things, Plaintiff and Class Members, were not employees exempt from the right to overtime because, *inter alia*, they

-11-

were not primarily engaged in the management of the enterprise in which they are/were employed or of a customarily recognized department or subdivision thereof, were not customarily and regularly directing the work of at least two other full-time employees or the equivalent, did not have authority to hire other employees, did not have the authority to fire other employees, did not customarily and regularly exercise discretion and independent judgment, and spent less than fifty percent of their time engaged in managerial work. Furthermore, Plaintiff and Class Members were not independent contractors because, *inter alia*, they did not have the freedom to choose how to perform tasks, Defendants had authority to control how tasks were performed, and Defendants were not engaged in a distinct business from Defendants and, instead, performed the very tasks that are the core of Defendants' business.

43.     Plaintiff and Class Members are and were expected to work in excess of 8 hours in a day and/or 40 hours in a week, resulting in many hours that were unpaid or were not paid at the appropriate overtime rates of pay.

44.     As a uniform practice, Defendants failed to keep the records of hours worked by its employees as required by California's wage orders. However, records of the rates of pay for Plaintiff and Class Members are in the possession or within Defendants' custody and control.

45.     Plaintiff and Class Members were entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one week, and twice the hourly wage for each hour worked past 12 hours in one day and for all hours over 8 during their seventh consecutive day of work in one week.

46.     In many instances, Plaintiff and Class Members were entitled to twice their regular rate of pay for the work performed, as Plaintiff and Class Members were often (1) working shifts that lasted more than 12 hours in length or (2) working shifts for Defendants of 8 hours or more on a seventh consecutive day of work.

47.     At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200 *et seq.*, 510, 1194 and 1198 and IWC wage orders. As a

-12-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

consequence, Defendants are subject to all applicable penalties, the exact amount to be proven at trial.

48.   Defendants violated Labor Code section 204 when they failed to pay Plaintiff and Class Members minimum wage and failed to pay all wages earned for labor in excess of the normal work period no later than the pay day for the next regular payroll period. As a consequence for violating Labor Code section 204, Defendants are subject to all applicable penalties including those specified pursuant to Labor Code section 210. The exact amount of the applicable penalties will be proven at trial.

49.   Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

50.   Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:  (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

51.   During the last four years, and at all times relevant to this Complaint, Defendants intentionally refused to pay overtime wages to Plaintiff and Class Members in order to receive an economic benefit in violation of Labor Code section 216. As a consequence for violating Labor Code section 216, Defendants are subject to all applicable civil penalties including those specified pursuant to Labor Code section 225.5. The exact amount of the applicable penalties will be proven at trial.

52.   At all times relevant to this Complaint, Defendants were and are the employers of Plaintiff and Class Members within the meaning of Labor Code section 558 and violated or caused

-13-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

to be violated a provision or provisions of Part 2, Chapter 1, of the Labor Code regulating hours and days of work and, as such, are liable to each Class Member for each such violation as set forth in Labor Code section 558, in addition to an amount sufficient to recover underpaid wages. The exact amount of the applicable penalties will be proven at trial.

53.     Plaintiff and Class Members are entitled to interest on all due and unpaid wages pursuant to Labor Code section 218.6.

54.     Pursuant to Labor Code section 1194, Plaintiff and Class Members seek to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
(Lab. Code §§ 223, 1194 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

55.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code section 1194 *et seq.*

57.     California Labor Code section 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

58.     Moreover, California Labor Code section 1197 provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

59.     Finally, California Labor Code section 1194.2(a) provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be

-14-

entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

60.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

61.    During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

62.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
(Lab. Code §§ 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

63.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64.    At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

65.    California Labor Code section 226.7 provides:

No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
….
If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

-15-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574  Fax: (415) 735-3454

additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

66.     Moreover, California Labor Code section 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

67.     Section 11 of the applicable Wage Order provides:

a.      No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.      An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.      If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

68.     Moreover, section 12 of the applicable Wage Order provides:

a.      Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.      If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

69.     Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

-16-

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

70.     Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

71.     Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

72.     Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

73.     Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

74.     By requiring Plaintiff and Class members to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and sections 11 and 12 of the applicable IWC Wage Order.

75.     Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any worker.

76.     Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

**ILG Legal Office, P.C.**

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

77.     Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

78.     Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

79.     Plaintiff and Class Members have been deprived of their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

80.     Plaintiff and Class Members have been deprived of their rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

81.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
(Lab. Code §§ 406, 2802)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

82.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

83.     During the Class Period, Defendants required Plaintiff and Class Members to incur expenses related to the business operations of Defendants. These expenses include, without

-18-

limitation, costs related to: purchasing cell phones, internet usage plan, cell phone usage plan, travel, licenses, fuel costs, and automotive maintenance.

84.     These expenditures were incurred in direct consequence of the discharge of the duties of Plaintiff and Class Members, or of their obedience to the directions of the employer and have not yet been reimbursed by Defendants.

85.     At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to sections 406 and 2802(a).

86.     California Labor Code section 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

87.     California Labor Code section 2802(a) provides:

> An employer shall indemnify his/her/their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his/her/their duties, or of his/her/their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

88.     By requiring Plaintiff and Class Members to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiff and Class Members were forced and/or brought to contribute to the capital and expenses of Defendants' business which is legally a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

89.     California Labor Code section 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

90.     Therefore, Plaintiff and Class Members demand reimbursement for expenditures or losses in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants, plus return of all cash bonds or other coerced investments in the business

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

-19-

of Defendants, with interest, at the statutory rate, plus attorneys' fees and costs and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

91.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92.     Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

93.     Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

94.     In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

95.     Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

96.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

97.     Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

98.     Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

99.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

100.     Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### WILLFUL MISCLASSIFICATION OF EMPLOYEES
(Lab. Code §§ 201, 226.8)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

101.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

102.     Labor Code section 1198 provides that, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

103.     Industrial Welfare Commission Order No. 9-2001, which applies to Defendants' business states at section 2:

-21-

a.   "Employ means to engage, suffer, or permit to work."
b.   "Employee means any person employed by another."
c.   "Employer means any person…who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours or working conditions of any person."

104.   Other Industrial Welfare Commission Orders contain similar provisions regarding employee status.

105.   The conditions of employment with Defendants include, but are not limited to:

a.   Defendants provide drivers with insurance, permits, licenses, maintenance, placards and use;
b.   Defendants direct and control the manner that each driver performs their work, including controlling their schedules, where the driver picks up and drops off patients, how the driver works, paperwork, contact and communication with dispatch, purchase of fuel, collection of charges from customer, billing, reporting requirements, and related controls exerted by Defendants;
c.   Defendants can, and did, discipline, de-allocate and terminate drivers;
d.   Defendants require drivers to follow its policies, procedures, customs and practices;
e.   Defendants provide drivers work-related and safety training;
f.   Defendants take corrective action against drivers for policy violations;
g.   Defendants require that its drivers maintain constant communication with Defendants throughout the workday;
h.   Defendants pay drivers on established pay periods and regularly by direct deposit;
i.   Defendants unilaterally and exclusively control the rate of pay paid to drivers without the opportunity to negotiate by drivers;
j.   The duties performed by the drivers for Defendants are a regular and essential part of Defendants business;
k.   Defendants required that each Plaintiff report any incidents, accidents, or conflicts;
l.   The work performed by each Plaintiff was an integral and regular part of Defendants business.

106.   Defendants engaged in subterfuge to avoid employee status, among other factors that establish an Employer and Employee relationship.

107.   Defendants exercised the same dominion and control over every driver that Defendant employed during the liability period.

108.   At all times during the liability period, Plaintiff was subjected to unlawful, improper and illegal deductions from their wages by Defendants.

109.   At all times during the liability period, Plaintiff was unlawfully, illegally and wrongfully required to bear the costs of Defendants business expenses which Defendant did not reimburse to its drivers.

-22-

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

110.     California Labor Code section 226.8(a)(1) provides, "It is unlawful for any person or employer to willfully misclassify an individual as an independent contractor."

111.     California Labor Code section 226.8(i)(4) provides, "'Willful misclassification' means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor."

112.     California Labor Code section 226.8(b) provides, "If a person or employer has willfully misclassified an individual as an independent contractor, the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

113.     California Labor Code section 226.8(c) provides, "If the person or employer has engaged in or is engaging in a pattern or practice willfully misclassifying individuals as independent contractors, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

114.     Defendants were aware of its obligations under the California Labor Code.

115.     Defendants were given notice of its violations, yet chose to ignore its obligations under California law.

116.     Defendants devised a scheme and plan to usurp and violate California Labor laws so that they could achieve maximum profits at the expense of Plaintiff.

117.     Defendants violated Labor Code section 226.8 by willfully misclassifying many of its employees, past and present, including Plaintiff, as independent contractors.

118.     Defendants have engaged in a pattern and practice of misclassifying their employees as independent contractors to avoid the taxes, insurance and other costs that accompany employee status.

119.     Plaintiff is entitled to all damages, penalties, interest, and attorney fees as a result of Defendants' violations of the Labor Code and it is requested that this Court issue an Order to enjoin and stop Defendants from engaging in this practice of misclassifying employees.

-23-

120.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

121.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

**EIGHTH CAUSE OF ACTION**
**DECLARATORY RELIEF THAT CLASS MEMBERS ARE**
**EMPLOYEES AND NOT INDEPENDENT CONTRACTORS**
(Lab. Code § 226.8)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

122.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

123.    Labor Code section 1198 provides that, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

124.    Industrial Welfare Commission Order No. 9-2001, which applies to Defendants' business states at section 2:
a.    "Employ means to engage, suffer, or permit to work."
b.    "Employee means any person employed by another."
c.    "Employer means any person…who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours or working conditions of any person."

125.    Other Industrial Welfare Commission Orders contain similar provisions regarding employee status.

126.    The conditions of employment with Defendants are set forth herein.

127.    Plaintiff and Class Members assert they are entitled to the rights of employees. Plaintiff and Class Members assert they are not independent contractors.

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

128. Defendants assert that Plaintiff and Class Members were properly treated as independent contractors and not employees of Defendants.

129. An actual dispute exists between the parties. Plaintiff and Class Members seek a declaration that, based upon the premises set forth above, Plaintiff and Class Members are Defendants' employees and not independent contractors.

### NINTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM
### WAGES AND FAILURE TO INDEMNIFY
(Lab. Code §§ 221, 226.8 and 2802)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

130. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

131. Labor Code section 221 makes it unlawful for an employer to "collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

132. Labor Code section 226.8 makes it unlawful to charge a willfully misclassified contractor a fee or to make any deductions from compensation for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment.

133. By requiring Plaintiff and Class Members to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiff and Class Members were forced and/or brought to contribute to the capital and expenses of Defendants' business, which is legally a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

134. California Labor Code section 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

135. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

136.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

**TENTH CAUSE OF ACTION**
**FAILURE TO PAY FINAL WAGES ON TIME**
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

137.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

138.    California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

139.    At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

140.    Defendant willfully failed to pay all final wages on time.

141.    Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code section 201 requires that employers provide immediate payment of all final wages at the time of termination.

142.    Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

-26-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

1    who elected to receive tender in person were present at the workplace to collect payment.

2    Accordingly, California Labor Code section 202 has been satisfied.

3         143.    Plaintiff and Class Members are not exempt from these requirements of the

4    Employment Laws and Regulations.

5         144.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory

6    penalties pursuant to California Labor Code section 203 and other applicable provision of the

7    Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees

8    and costs, pursuant to statute.

9                        **ELEVENTH CAUSE OF ACTION**
10                  **FAILURE TO MAINTAIN ACCURATE RECORDS**
                           (Lab. Code §§ 1174, 1174.5)
11        (*On behalf of Plaintiff and all Class Members against all Defendants*)

12        145.    Plaintiff incorporates in this cause of action each and every allegation of the

13   preceding paragraphs, with the same force and effect as though fully set forth herein.

14        146.    California Labor Code section 1174(d) provides:

15        Every person employing labor in this state shall … [k]eep, at a central location in
     the state ... payroll records showing the hours worked daily by and the wages paid
16   to ... employees.... These records shall be kept in accordance with rules established
     for this purpose by the commission, but in any case shall be kept on file for not
17   less than two years.

18        147.    Defendants failed to maintain accurate records of the hours worked and the wages

19   paid to Plaintiff and Class Members. Defendants did not employ policies, procedures, and

20   practices to track Plaintiff's and Class Members' hours.

21        148.    Plaintiff and Class Members were injured by Defendants' failure to maintain

22   accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for

23   all hours worked, and thus suffered monetary damages due to Defendants' policies described

24   above.

25        149.    Plaintiff and Class Members are not exempt from the requirements of the

26   Employment Laws and Regulations.

27

28

-27-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

150.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code sections 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### TWELFTH CAUSE OF ACTION
### FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
(Lab. Code §§ 226(e), 226.3)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

151.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

152.     California Labor Code section 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his/her/their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his/her/their social security number, except that by January 1, 2008, only the last four digits of his/her/their social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

153.     California Labor Code section 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

-28-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

154.    California Labor Code section 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his/her/their social security number or an employee identification number other than a social security number.

155.    California Labor Code section 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

156.    Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact

-29-

never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours their workers worked.

157. Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

158. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

159. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute

## THIRTEENTH CAUSE OF ACTION
### MISREPRESENTATION ABOUT EMPLOYMENT OPPORTUNITY
(Lab. Code §§ 970, 972)
(*On behalf of Plaintiff as an individual against Defendants*)

160. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

161. Labor Code section 970 provides that: "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; (b) The length of time such work will last, or the compensation therefor; (c) The sanitary or housing conditions relating to or surrounding the work; (d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought."

-30-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574  Fax: (415) 735-3454

162.    Labor Code section 971 provides that a person who violates Section 970 is "guilty of a misdemeanor punishable by a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000) or imprisonment for not more than six months or both."

163.    Labor Code section 972 provides that "In addition to such criminal penalty, any person, or agent or officer thereof who violates any provision of Section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations. Such civil action may be brought by an aggrieved person or his assigns or successors in interest, without first establishing any criminal liability."

164.    Defendants will be liable for the damages caused by Defendants' knowingly false representation regarding the availability for employment. Defendants are liable under subsection (a) for misrepresenting the "kind, character, or existence of such work." Defendants are also liable under subsection (b) for misrepresenting the "length of time such work will last, or the compensation therefor." Such a violation subjects Defendants to twice the actual damages. *See* Labor Code § 972 ("liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations").

165.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial. Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

**FOURTEENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE SICK LEAVE**
(Lab. Code §§ 246, 247.5)
(*On behalf of Plaintiff as an individual against all Defendants*)

-31-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

166.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

167.     Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to Labor Code sections 246 and 247.5.

168.     Labor Code section 246 requires that California employees who work at least 30 days within one year of starting employment must accrue paid sick leave. Such employees generally must accrue at least one hour of sick leave for every thirty (30) hours worked. Exempt employees are considered to work forty (40) hours weekly for purposes of sick leave accrual under Labor Code section 246.

169.     Labor Code section 247.5 requires that the employer maintain records for at least three years of sick leave that has accrued and sick leave that has been used.

170.     Defendants did not provide sick leave in compliance with Section 246. Moreover, Defendants did not maintain accurate records of accrued and used sick leave.

171.     Plaintiff is informed and believes and, based thereon, alleges that Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

172.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses, entitling Plaintiff to recover for unpaid sick leave and other compensatory damages.

173.     Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute

**FIFTEENTH CAUSE OF ACTION**
**FRAUD AND DECEIT**
(Civ. Code §§ 1571-1574 and 1709-1710)

*(On behalf of Plaintiff as an individual against all Defendants)*

174.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

175.     California Civil Code section 1571 provides that fraud may be actual or constructive.

176.     California Civil Code section 1572 provides: "Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; or, 5. Any other act fitted to deceive." California Civil Code section 1574 adds that actual fraud is always a question of fact.

177.     California Civil Code section 1573 provides: "Constructive fraud consists: 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

178.     California Civil Code sections 1709 and 1710 define deceit.

179.     California Civil Code section 1709 provides: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

180.     California Civil Code section 1710 provides: "A deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it."

181.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

182.    Defendants represented to Ms. Patel that they would indemnify her for automobile accidents she suffered while in the course and scope of Defendants' employment.

183.    However, Defendants never intended to honor those promises. Instead, Defendants knowingly misled Plaintiff in order to induce Plaintiff to work as a Transportation Driver for Defendants. As a result, Plaintiff decided to work as a Transportation Driver for Defendants, cutting off other opportunities.

184.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including monetary losses and the loss of alternative opportunities which were foregone in order to contract with Defendants. Plaintiff has also suffered harm to her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

185.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

186.    Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

## SIXTEENTH CAUSE OF ACTION

-34-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

**BREACH OF CONTRACT**
(*On behalf of Plaintiff as an individual against all Defendants*)

187.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

188.   To recover damages from for breach of contract, a plaintiff must prove all of the following: 1. That the parties formed a contract; 2. That plaintiff did all, or substantially all, of the significant things that the contract required him to do or was otherwise excused; 3. That all conditions required by the contract for the defendant's performance occurred or were excused; and 4. That defendant did something or failed to do something that violates the contract. *See* CACI No. 303.

189.   According to Labor Code § 2750, "the contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person." Plaintiff and Defendants entered into a contract upon hire and throughout the term of Plaintiff's employment. The contract was in writing and oral and implied-in-fact and provided that Plaintiff's employment would be secure for as long as her respective performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits. Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her. Furthermore, ambiguous language in a contract shall be construed against party who caused uncertainty to exist, if ambiguity is not eliminated by interpreting ambiguous provisions in sense that promisor believed the promisee understood them at time of formation.  Civil Code §§ 1649, 1654.

190.   On or about April 4, 2018, Defendants breached the employment agreement by discharging Plaintiff without good cause and despite her continued satisfactory performance and again on or about April 11, 2018 when it refused to provide insurance coverage when Plaintiff was in an accident.

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

191.     Plaintiff suffered damages legally caused by the breach of contract as described in this Complaint, all paragraphs of which are incorporated here to the extent pertinent as if set forth here in full.

192.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

193.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, monetary losses, missed opportunities, harm to her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

## SEVENTEENTH CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(On behalf of Plaintiff as an individual/and all Class Members against all Defendants)*

194.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

195.     The agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the agreement that they agreed to perform, or any act that would deprive Plaintiff of the benefits of the agreement.

196.     Plaintiff worked for Defendants and reasonably relied on the provisions of the personnel manual regarding the causes for which employees could be written up or discharged and the procedures set forth for such corrective action including terminations for the expectation that Defendants would apply its policies even-handedly to afford Plaintiff the protections of those procedures if Defendants believed there was cause to take corrective action against Plaintiff, including termination. Nonetheless, Defendants failed to follow the agreed-upon terms of the bargain and, instead, Defendants summarily terminated Plaintiff's employment. Defendants

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

breached the implied covenant of good faith and fair dealing under the contract by discharging Plaintiff intentionally, without just or probable cause, in bad faith and for reasons extraneous to the contract. Such motives were retaliatory in nature and extraneous to the employment relationship and were intended to deprive Plaintiff of the benefits thereof. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies and past practices before discharge.

197.    Plaintiff performed all the duties and conditions of the contract.

198.    Defendants knew that Plaintiff had fulfilled all of her duties and conditions under the contract.

199.    Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow the terms of the contract.

200.    As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, monetary losses and other damage in an amount to be established at trial. As a further proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to them under the employment contract

201.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

202.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to her reputation, mental anguish, embarrassment, humiliation, other emotional distress, and medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

## EIGHTEENTH CAUSE OF ACTION
### LABOR CODE PRIVATE ATTORNEY GENERAL ACT
(Lab. Code §§ 2698 *et seq.*)

-37-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574   Fax: (415) 735-3454

(*On behalf of Plaintiff and all Class Members against all Defendants*)

1.      Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

2.      Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency of the specific provisions of this code alleged to have been violated as required by Labor Code section 2699.3. More than sixty-five days have passed with no response. As a result, Plaintiff may now commence a civil action pursuant to Labor Code section 2699.

3.      The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code section 2699.5 and thereby give rise to statutory penalties as a result of such conduct. Plaintiff and Class Members, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against whom one or more of the aforementioned violations of the Labor Code was committed and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.      Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and her counsel as counsel for the classes;

2.      For penalties, including civil penalties, pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3.      For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

-38-

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
156 South Spruce Ave, Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574  Fax: (415) 735-3454

4.     For compensatory damages;

5.     Compensation for all hours worked but not paid;

6.     For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.     For special damages according to proof;

8.     For punitive damages where allowed by law;

9.     For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10.    For declaratory relief;

11.    For pre-judgment and post-judgment interest as provided by law; and

12.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: January 27, 2020          **ILG Legal Office, P.C.**

_____

Stephen Noel Ilg

Attorneys for Plaintiffs

-39-

*Patel, et al. v. LogistiCare Solutions, et al.*
Third Amended Complaint